IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE OWEN DUSTIN,   No. CIV S-09-1957-CMK-P

    Plaintiff,

  vs.   ORDER

T. FELKER, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

        On July 21, 2009, the court directed plaintiff to file an initial pleading. Plaintiff was granted numerous extensions, the last providing plaintiff until December 19, 2009, to comply. As of February 10, 2010, plaintiff had not complied and the court directed plaintiff to show cause why this action should not be dismissed for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110. Plaintiff was granted an extension of time to April 11, 2010, to respond to the order to show cause. To date, plaintiff has neither filed a response to the order to show cause nor complied with the court's July 2009 order.

        The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's

1 | interest in expeditious resolution of litigation; (2) the court's need to manage its own docket;
2 | (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
3 | their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
4 | 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
5 | appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
6 | See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
7 | appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
8 | 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
9 | follow local rules, see Ghazali, 46 F.3d at 53, and failure to comply with an order to file an
10 | amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

11 |       Having considered the factors outlined above, the court finds that dismissal of this
12 | action is appropriate.  In particular, plaintiff's unwillingness or inability to file a proper initial
13 | pleading makes it impossible for this action to proceed, thereby thwarting the public's interest in
14 | speedy resolution of the case and the court's ability to manage it's docket by moving cases
15 | towards resolution.

16 |       Accordingly, IT IS HEREBY ORDERED that:

17 |       1.    This action is dismissed without prejudice for lack of prosecution and
18 | failure to comply with court rules and orders; and

19 |       2.    The Clerk of the Court is directed to enter judgment of dismissal and close
20 | this file.

DATED: April 21, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE